**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WALTER LEMIEUX**                                      **CIVIL ACTION**

**VERSUS**                                                       **NO: 05-1470**

**CORNEL HUBERT**                                      **SECTION: "A"(6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

## I.  PROCEDURAL HISTORY[1]

On October 10, 2000, the State filed a bill of information charging petitioner with distribution of cocaine within 1000 feet of an elementary school.  On December 1, 2000, petitioner was arraigned and entered a plea of not guilty.  On April 26, 2001, the trial court denied petitioner's motion to suppress identification and photographic line-up.

On June 13, 2001, petitioner withdrew his former plea of not guilty and executed a form acknowledging that he was guilty of the charged crime, distribution of cocaine within 1000 feet of an elementary school.  On that same date, petitioner executed a second form acknowledging that he had a prior felony conviction and that, by virtue of his plea of guilty to the charge of distribution of cocaine within 1000 feet of an elementary school, he was a second felony offender.  Thereafter, the court sentenced petitioner to imprisonment at hard labor for a term of 20 years and ordered him to pay a fine in the amount of $50,000.00.

On July 10, 2001, petitioner filed a motion to reconsider sentence.  On September 6, 2001, the state district court denied petitioner's motion to reconsider sentence.

---

[1]Unless specified otherwise, documentation supporting the procedural history set forth below is contained in the State rec., vol. 1 of 2.

On June 27, 2002, petitioner filed his first application for state post-conviction relief.[2]  On September 24, 2002, the state district court denied petitioner's post-conviction application.  There is no evidence reflecting that petitioner sought relief, in connection with the district court's adverse decision, from the state court of appeal or state supreme court.

On May 8, 2003, petitioner filed a second post-conviction application.  On May 14, 2003, the state district court denied petitioner's second post-conviction application.  On July 11, 2003, the Louisiana Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of May 14, 2003," denied petitioner's writ application.[3]  The Louisiana Supreme Court, on August 20, 2004, likewise denied petitioner relief.  *See State ex rel. Lemeiux* [sic] *v. State*, 882 So.2d 580 (La. 2004).

On June 13, 2003, petitioner filed a motion to correct an illegal sentence which the state district court denied on June 17, 2003.[4]  On August 13, 2003, the Louisiana Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of June 17, 2003,"

---

[2]The State represents that petitioner, in addition to seeking post-conviction relief, also filed an appeal with the Louisiana Fifth Circuit Court of Appeal which was ultimately dismissed by the state appellate court. *See* discussion *infra* at p. 5.  Said appeal is not delineated in this court's recitation of petitioner's procedural history since documentation of petitioner's appeal is not contained in the State court record.

[3]A copy of the state appellate court's adverse decision is contained in the State rec., vol. 2 of 2.

[4]A copy of the state district court's June 17, 2003 Order is contained in the State rec., vol. 2 of 2.

likewise denied petitioner relief in connection with his motion to correct an illegal sentence.[5]

Finally, the Louisiana Supreme Court denied petitioner's writ application on November 8,

2004.  *State ex rel. Lemieux v. State*, 885 So.2d 1127 (La. 2004).

## II.  ANALYSIS

A.  Timeliness

Petitioner filed this federal habeas corpus action on March 28, 2005, which,

according to the State, was beyond his one-year prescriptive period.[6]  Under the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which

to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period

commencing to run from "the latest of" either the date the petitioner's state judgment became

final or the expiration of his time for seeking review.[7]     *See* 28 U.S.C. § 2244(d)(1) (West

---

[5]A copy of the state appellate court's August 13, 2003 decision is contained in the State rec., vol. 2 of 2.

[6]This March 28, 2005 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his or her petition, in this case, March 28, 2005, is presumed to be the date he or she delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[7]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  The State contends that petitioner's time for seeking review expired on May 31, 2003, 30 days after the Louisiana Fifth Circuit Court of Appeal "dismissed petitioner's appeal as abandoned."[8]  Thus, petitioner had until May 31, 2004, to timely seek federal habeas corpus relief.  Because petitioner did not file the instant action until almost a year later, on March 28, 2005, his federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  [Emphasis added.]"

The State concedes that on May 31, 2003, the date when prescription would have commenced to run, prescription was, in fact, suspended, and remained suspended until September 12, 2003, by virtue of petitioner's "properly filed state post-conviction applications."[9]  The State, however, contends that prescription commenced to run on September 13, 2003, despite the fact that petitioner, at that time, had a writ application, *State ex rel. Lemieux v. State*, No. 2003-KH-2333, pending before the Louisiana Supreme Court.

---

[8] *See* Federal rec., doc. #8, State's Response at p. 3.  Under La. Supreme Court Rule X, Section 5(a), petitioner had thirty (30) days to seek relief from the Louisiana Supreme Court in connection with the state appellate court's dismissal of his appeal.

[9] *See* Federal rec., doc. #8, State's Response at p. 8.

According to the State, neither the above writ application, nor a second writ application, *State ex rel. Lemieux v. State*, No. 2003-KH-2765, filed with the Louisiana Supreme Court, suspended prescription because they were not "properly filed" as required under §2244(d)(2). They were not "properly filed", the State contends, because they were not timely filed.  They were untimely, the State argues, because the Unites States postmark date on said pleadings does not reflect that they were mailed within the 30-day prescriptive period imposed under Louisiana Supreme Court Rule X, §5(a).[10]  The State's argument in this regard, however, is without merit.

In *Causey v. Cain*, 450 F.3d 601, 603-607 (5th Cir. 2006), the Fifth Circuit recently determined that the "mailbox rule", employed for the purpose of ascertaining the filing date of a *pro se* prisoner's federal habeas corpus application, should also be employed in ascertaining the filing date of a *pro se* prisoner's Louisiana state court pleadings in the context of determining the timeliness of his federal habeas corpus application.  Thus, to ascertain the filing dates of petitioner's writ applications to the Louisiana Supreme Court, one looks not to the postmark date, but rather, to the date the applications were handed to

---

[10]The State's reliance on the United States postmark date for purposes of determining the timeliness of petitioner's Louisiana Supreme Court writ applications is based upon Louisiana Supreme Court Rule X, §  5(d) which provides, in pertinent part:  "An application properly mailed shall be deemed timely filed if mailed on or before the last day of the delay for filing....  [T]he timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof."

prison officials for mailing.  *See Cooper*, *supra*.  As the court noted earlier, the date a

prisoner signs a particular pleading is generally presumed to be the date he delivered it to

prison officials for mailing.[11]

      In the instant matter, petitioner signed his first Louisiana Supreme Court writ

application, No. 03-KH-2333, on August 5, 2003, five days prior to the August 10, 2003

expiration date of his 30-day prescriptive period.[12]  Thus, said writ application was "properly

filed" as required under 28 U.S.C. § 2244(d)(2) and therefore, did suspend the running of

petitioner's one-year prescriptive period under the AEDPA until August 20, 2004, when the

Louisiana Supreme Court denied petitioner's writ application.  *See State ex rel. Lemeiux* [sic]

*v. State*, 882 So.2d 580 (La. 2004).  Prescription, however, did not commence to run on

August 20, 2004, because petitioner had pending before the Louisiana Supreme Court

another writ application, No. 03-KH-2765, which remained pending until November 8, 2004,

when the state high court denied petitioner relief.  *See State ex rel. Lemieux v. State*,  885

So.2d 1127 (La. 2004).  At that point, petitioner's 12-month prescriptive period did

commence to run, but after less than five months had expired, petitioner filed the instant

action.  Accordingly, the court finds that petitioner's federal habeas corpus application is not

---

[11]*See* discussion *supra* at n.3.

[12]A copy of petitioner's first writ application to the Louisiana Supreme Court is contained in the State rec., vol. 2 of 2.

time-barred.  It is, however, subject to dismissal due to petitioner's failure to exhaust his state

court remedies.

      B.  Exhaustion

         It is well-established that a petitioner must exhaust his available state court

remedies before proceeding to federal court for habeas relief.  28 U.S.C. § 2254 (b)(1)-(3);

*Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  Generally, the

exhaustion requirement is satisfied only when the grounds urged in a federal petition were

previously presented to the state's highest court in a procedurally proper manner.  *Dupuy v.

Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

         In the instant action, petitioner raises the following claims:  1) Counsel was

ineffective because he mistakenly informed petitioner that if he did not enter into the offered

plea agreement, he faced a life sentence; 2) counsel was ineffective because he failed to

negotiate a deal with prosecutors pursuant to which petitioner would be allowed to enter into

a drug treatment program; 3) counsel was ineffective due to his failure to point out flaws in

the pertinent videotape footage which made a positive identification of petitioner impossible;

and, 4) counsel was ineffective because he failed to call witnesses to establish that on the date

the alleged drug distribution took place, petitioner was at West Jefferson Hospital all day with

his wife who was recovering from surgery.  A review of the state court record reflects that

while petitioner presented his first two claims to the Louisiana Supreme Court via writ

application No. 03-KH-2333, he did not present to the state high court claims 3) and 4)

8

regarding counsel's failure to raise any argument concerning the flawed videotape footage and to call alibi witnesses on petitioner's behalf.[13]

In a situation such as this, where a petitioner presents a "mixed" habeas corpus petition, i.e., one containing both exhausted and unexhausted claims, the requirement, under *Lundy*, *supra*, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under Section 2244(d)(1) of the AEDPA, can cause prescription problems. Such a problem arose in *Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the Supreme Court observed:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay a petitioner's habeas action until he exhausts his state court remedies, the Court warned against the wholesale embrace of such an approach, noting that the dual purpose of the AEDPA, enacted "against a backdrop of *Lundy's* total exhaustion requirement", is reducing the potential for delay in finalizing state court judgments and encouraging litigants to bring all

---

[13]A copy of petitioner's writ application to the Louisiana Supreme Court in No. 03-KH-2333, as well as a copy of his later writ application to the state high court in No. 03-KH-2765, are contained in the State rec., vol. 2 of 2.

their claims to state court before bringing them to federal court. *Rhines*, 544 U.S. at 276-77,

125 S.Ct. at 1534. The Court warned that staying federal habeas corpus petitions and holding

them in abeyance, "if employed too frequently, has the potential to undermine [the above-

described] twin purposes", explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534. With this in mind, the Court decreed:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court**. [Emphasis added.]

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.[14]

Having reviewed the pertinent pleadings and state court record, the court

finds no good cause excusing petitioner's failure to exhaust his state court remedies.

Accordingly;

## RECOMMENDATION

---

[14] The Court added: "[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* (citation omitted).

It is hereby **RECOMMENDED** that the petition of Walter Lemieux for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** without prejudice for failure to exhaust state remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _31st_ day of _____July_____, 2006.


_____

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE