UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER LEMIEUX** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1470** |
| **CORNEL HUBERT** | **SECTION: "A"(6)** |

## SECOND REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

## I.  PROCEDURAL HISTORY

On October 10, 2000, the State filed a bill of information charging petitioner with distribution of cocaine within 1000 feet of an elementary school.  On December 1, 2000, petitioner was arraigned and entered a plea of not guilty.  On April 26, 2001, the trial court denied petitioner's motion to suppress identification and photographic line-up.

On June 13, 2001, petitioner withdrew his former plea of not guilty and executed a form acknowledging that he was guilty of the charged crime, distribution of cocaine within 1000 feet of an elementary school.  On that same date, petitioner executed a second form acknowledging that he had a prior felony conviction and that, by virtue of

his plea of guilty to the charge of distribution of cocaine within 1000 feet of an elementary school, he was a second felony offender.  Thereafter, the court sentenced petitioner to imprisonment at hard labor for a term of 20 years and ordered him to pay a fine in the amount of $50,000.00.

On July 10, 2001, petitioner filed a motion to reconsider sentence.  On September 6, 2001, the state district court denied petitioner's motion to reconsider sentence.

On June 27, 2002, petitioner filed his first application for state post-conviction relief.  On September 24, 2002, the state district court denied petitioner's post-conviction application.  There is no evidence reflecting that petitioner sought relief, in connection with the district court's adverse decision, from the state court of appeal or state supreme court.

On May 8, 2003, petitioner filed a second post-conviction application.  On May 14, 2003, the state district court denied petitioner's second post-conviction application.  On July 11, 2003, the Louisiana Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of May 14, 2003," denied petitioner's writ application.[1]  The Louisiana Supreme Court, on August 20, 2004, likewise denied petitioner relief.  *See State ex rel. Lemeiux* [sic] *v. State*, 882 So.2d 580 (La. 2004).

On June 13, 2003, petitioner filed a motion to correct an illegal sentence which the

---

[1]A copy of the state appellate court's adverse decision is contained in the State rec., vol. 2 of 2.

state district court denied on June 17, 2003.[2]  On August 13, 2003, the Louisiana Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of June 17, 2003," likewise denied petitioner relief in connection with his motion to correct an illegal sentence.[3]  Finally, the Louisiana Supreme Court denied petitioner's writ application on November 8, 2004.  *State ex rel. Lemieux v. State*, 885 So.2d 1127 (La. 2004).

On March 28, 2005, petitioner filed the instant federal habeas corpus action, raising the following claims:  1) Counsel was ineffective because he mistakenly informed petitioner that if he did not enter into the offered plea agreement, he faced a life sentence; 2) Counsel was ineffective because he failed to negotiate a deal with prosecutors pursuant to which petitioner would be allowed to enter into a drug treatment program; 3) Counsel was ineffective due to his failure to point out flaws in the pertinent videotape footage which made a positive identification of petitioner impossible; and, 4) Counsel was ineffective because he failed to call witnesses to establish that on the date the alleged drug distribution took place, petitioner was at West Jefferson Hospital all day with his wife who was recovering from surgery.  On July 31, 2006, the undersigned magistrate judge issued a Report and Recommendation (rec. doc. 15), finding that while petitioner presented his first two claims to the Louisiana Supreme Court via writ application No. 03-

---

[2] A copy of the state district court's June 17, 2003 Order is contained in the State rec., vol. 2 of 2.

[3] A copy of the state appellate court's August 13, 2003 decision is contained in the State rec., vol. 2 of 2.

KH-2333, he did not present claims 3) and 4) to the state high court.[4]  Accordingly, petitioner did not, as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), exhaust his state court remedies and, therefore, the court recommended that petitioner's habeas application be dismissed without prejudice.

In response to the magistrate judge's Report and Recommendation, petitioner, on August 7, 2006, filed a pleading (rec. doc. 16) seeking to abandon unexhausted claims 3) and 4), and proceed with exhausted claims 1) and 2).  In accordance with petitioner's request, the district court, on August 30, 2006, issued an Order (rec. doc. 17) allowing petitioner to proceed with claims 1) and 2) and referring the matter to the undersigned magistrate judge for the purpose of issuing a second Report and Recommendation addressing the merits of claims 1) and 2).  However, before proceeding to the merits, this court shall first examine the pertinent standard of review.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed

---

[4] A copy of petitioner's writ application to the Louisiana Supreme Court in No. 03-KH-2333, as well as a copy of his later writ application to the state high court in No. 03-KH-2765, are contained in the State rec., vol. 2 of 2.

questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).  *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).   The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

### III.  ANALYSIS

Petitioner claims that counsel was unconstitutionally ineffective.  Petitioner bases his ineffectiveness claim on the following:  1) Counsel allegedly misinformed him that if he did not enter into the offered plea agreement, he faced a life sentence; and, 2) Counsel failed to negotiate a deal with prosecutors pursuant to which petitioner would be allowed to enter into a drug treatment program.

The seminal Supreme Court decision regarding ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984), wherein the Court held that in order to prove that counsel was unconstitutionally ineffective, petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.  If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong.

Under the deficient performance prong of the *Strickland* test, "it is necessary to 'judge...counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed. 2d 180 (1993), *citing Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.  To prove prejudice under the *Strickland* standard, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant

6

must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

While petitioner claims that counsel was ineffective because counsel allegedly advised that if petitioner did not consent to the plea agreement, he faced a possible life sentence, a review of the pertinent transcript reflects that petitioner was clearly informed of the applicable sentencing range. Specifically, the transcript reflects the following:

> THE COURT:
> And do you understand that the sentencing range as a multiple offender in this case is a minimum of 15 years at hard labor in the custody of the Department of Corrections of the State of Louisiana, and a maximum of 60 years at hard labor in the custody of the Department of Corrections of the State of Louisiana?
>
> THE DEFENDANT WALTER LEMIEUX:
> Yes.[5]

Based upon the above, the court finds that counsel's alleged error in misinforming petitioner that he faced a maximum life sentence did not prejudice petitioner. Petitioner was clearly informed, prior to the court's acceptance of his guilty plea, that the maximum sentence he faced was not life, but rather, a term of imprisonment of 60 years.

Petitioner's claim that counsel was unconstitutionally ineffective due to his failure to negotiate, in connection with the pertinent plea agreement, a deal whereby petitioner would receive drug rehabilitation, is also without merit. It is well-established that

---

[5]*See* State rec., supplemental vol. 1, transcript of June 13, 2001 proceedings at p. 39, lines 10-21.

prisoners have no constitutional right to participate in prison drug rehabilitation programs. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976); *Rivera v. Fox*, 2006 WL 3245740, *3 (W.D. Tx. 2006). As such, counsel's failure to negotiate, as part of a plea agreement, that petitioner be considered for such a program, does not constitute a violation of petitioner's constitutional rights.

Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Walter Lemieux for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  27th  day of    March   , 2008.

```
                                    _____
                                    LOUIS MOORE, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```